UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                         :
                                                               :     Chapter 11
PULP FINISH 1 COMPANY (f/k/a                                   :     Case No. 12-13774 (SMB)
Journal Register Company), *et al.*,                           :
                                                               :     (Jointly Administered)
                                                  Debtors.     :
---------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTIONS MADE BY ARTHUR MERCER

Arthur Mercer contends that he was slandered and defamed by an article published in the Daily Freeman on June 18, 2010 pertaining to his arrest. He filed a civil action in New York state court on June 21, 2011, seeking $200 million in damages. The state court action was stayed by the filing of this case on September 5, 2012, and was never removed to this Court. Mercer has now moved (1) to dismiss the Debtors' chapter 11 petitions as having been filed in bad faith and to change venue (*Motion to Dismiss Bad Faith Petition*, dated July 21, 2013 (ECF Doc. # 737)), (2) for relief from the automatic stay and abstention (*§ 9952 Motion for Relief from Stay and Abstention*, dated July 21, 2013 (ECF Doc. # 739)), and (3) for mandatory abstention (*Motion for Mandatory Abstention*, date July 21, 2013 (ECF Doc. # 740)). He has also moved for my recusal. (*Statement in Support of ECF Doc. #784 and Motion for Recusal*, dated Aug. 23, 2013 ("*Recusal Motion*") (ECF Doc. # 785).) His motions are denied for the reasons that follow.

**A.     Recusal**

Disqualification for bias is governed by 28 U.S.C.§ 455 which is made applicable to this case and these proceedings by Fed. R. Bankr. P. 5004(a). Section 455(b)(1) states, in pertinent part, that "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned [including] [w]here

he has a personal bias or prejudice concerning a party." 28 U.S.C. 455(b)(1) (2006). Recusal motions are committed to the trial court's discretion. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). The court applies an objective test. The appearance of impropriety must be determined "by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all of the relevant facts would recuse the judge." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988); *accord United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *Apple*, 829 F.2d at 333. "The alleged bias and prejudice sufficient to warrant disqualification must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *accord Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992); *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990)*cert. denied*, 501 U.S. 1238 (1991).

Mercer contends that the Court should recuse itself because he "feels that this judge is for the Debtors and has shown favoritism toward the debtors." (*Recusal Motion* at ¶ 6.) Mercer has failed to identify any incident of alleged bias, and accordingly, his recusal motion is denied.

**B.    Dismissal**

Bankruptcy Code § 1112(b) authorizes the Court to convert or dismiss a case for cause. The section contains a non-exclusive list of "causes" for conversion or dismissal, and although not listed, the Court may convert or dismiss a case that was filed in bad faith. A petition is filed in bad faith "if it is clear that on the filing date there was no reasonable likelihood that the debtor

2

intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991); *accord In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) ("The standard in this Circuit is that a bankruptcy petition will be dismissed if both objective futility of the reorganization process and subjective bad faith in filing the petition are found."). The movant bears the burden of proving bad faith. *Squires Motel, LLC v. Gance*, 426 B.R. 29, 34 (N.D.N.Y. 2010).

Mercer has not satisfied this burden. He does not argue that the Debtors' chances of emerging from chapter 11 were objectively futile at the time of filing. The Debtors ran operating businesses with numerous employees and substantial assets (and liabilities). They sold substantially all of their assets during the case, and the proceeds from the sale provide the means to implement the proposed plan.

Instead, Mercer argues that the Debtors filed these cases as a tactic to gain advantage in pending litigations, including the lawsuit that Mercer commenced. While the filing stayed all litigation against the Debtors, it did not provide any advantage beyond the stay. Mercer has not identified any favorable ruling he obtained in the state court litigation that the Debtors intended to frustrate or collaterally attack through the filing of the chapter 11 cases.

**C.    Venue**

Mercer argues that venue does not lie in the Southern District of New York, alleges that it was filed here to get a better outcome and asks the Court to transfer venue, apparently to Albany, New York. A debtor may file a bankruptcy case in the district in which it maintains its domicile, residence, principal place of business or principal assets for the longer part of the 180 days

3

preceding the petition date. 28 U.S.C. § 1408(a) (2006). A debtor may also file a case in the district where an affiliate's case is already pending. *Id.*

Journal Register Company filed the first case in this group of affiliated filings. Its petition states that it is located at 5 Hanover Square, 25th Floor, New York, New York, and that it has been located at that address for the greater portion of the 180 days before the petition date. This location serves as the "nerve center" of most of its critical operations, houses some of its principal assets, and many of its critical employees, including its Chief Executive Officer, work full time at this location. (*Declaration of William J. Higginson in Support of Debtors' Chapter 11 Petitions and First Day Motions*, dated Sept. 12, 2012, at ¶ 10 (ECF Doc. # 2).) Accordingly, Journal Register Company properly venued its chapter 11 case in this district. Furthermore, the affiliates properly venued their cases here under the affiliate venue rule.

A party in interest may nevertheless seek to transfer a properly venued case to another district in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412 (2006); FED. R. BANKR. P. 1014(a)(1). The party seeking to transfer venue bears the burden of proof. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990). Mercer argues that one of the Debtors recently acquired real property in the Catskills, and suggests that the Debtors' cases should be transferred to Albany, New York. He does not, however, explain why this or any other factor weighs in favor of changing venue, especially at this late stage where the confirmation hearing is scheduled for October 8, 2013. Consequently, the motion to transfer venue is denied.

**D.     Relief from the Stay**

Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (2012). The movant has the initial burden to show "cause" for relief from the stay. *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999). The statute does not define "cause," and the courts are guided by the twelve factor test adopted in *Sonnax Indus. Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990).[1]

Mercer has failed to explain why the *Sonnax* criteria support his request for relief from the stay. His appears to be motivated by a desire to litigate his claim in state court, a theme that runs through many of his motions. Any issue regarding his right to litigate in state court is premature as discussed in the next section. Accordingly, his motion for relief from the automatic stay is denied without prejudice.

**E.    Abstention**

Mercer seeks mandatory and permissive abstention. Because I am not aware of any contested matter or adversary proceeding in this Court presently involving Mercer's state court

---

[1] The following factors inform the Court's decision:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.*, 907 F.2d at 1286. Not all of the factors are relevant in every case, *Mazzeo*, 167 F.3d at 143, and the Court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

5

claim, there is nothing from which the Court can abstain fin favor of or remand to the state court. That said, Mercer has a defamation claim. Assuming he has satisfied the procedural requirements for filing a claim and the Debtors object, the dispute may have to be decided by the District Court if it is determined that his defamation claim is a "personal injury tort" claim under 28 U.S.C. § 157(b)(5) (2006). Alternatively, Mercer can ask the Court at that time to abstain from deciding the claim objection in favor of the state court lawsuit, and seek relief from the stay to effect any order of abstention. Finally, if the Debtors remove the state court action, he can move to remand it back to state court. For the reasons stated, however, the abstention (and remand) request is premature, and accordingly, is denied without prejudice.

So ordered.

Dated: New York, New York
October 2, 2013

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

TO:

Mr. Arthur L. Mercer
430 Kerrigan Blvd.
Newark, NJ 07106

Kenneth J. Enos, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020