UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
PULP FINISH 1 COMPANY (f/k/a Journal                      :    Case No. 12-13774 (SMB)
Register Company), et al.,[1]                             :
                                                          :    Jointly Administered
                                        Debtors.          :
-------------------------------------------------------- x

### ORDER CONFIRMING THE JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The *Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated as of June 24, 2013 (the "Plan"),[2] having been jointly proposed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the Debtors' bankruptcy cases (the "Committee"), and filed with this Court on July 2, 2013 substantially in the form attached hereto as **Exhibit A** [Docket No. 687]; and the Court having entered an order, after due notice and a hearing, on August 27, 2013 (the "Disclosure Statement Order") [Docket No. 782], pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the *Disclosure Statement for the Joint Plan of Liquidation*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pulp Finish 1 Company (f/k/a Journal Register Company) (8615), Register Company, Inc. (6548), Chanry Communications Ltd. (3704), Pennysaver Home Distributions Corp. (9476), All Home Distribution Inc. (0624), JR East Holdings, LLC (N/A), Journal Register East, Inc. (8039), Journal Company, Inc. (8220), JRC Media, Inc. (4264), Orange Coast Publishing Co. (7866), St. Louis Sun Publishing Co. (1989), Middletown Acquisition Corp. (3035), JiUS, Inc. (3535), Journal Register Supply, Inc. (6546), Northeast Publishing Company, Inc. (6544), Hometown Newspapers, Inc. (8550), The Goodson Holding Company (2437), Acme Newspapers, Inc. (6478), Pulp Finish 3 Company (f/k/a 21st Century Newspapers, Inc.) (6233), Morning Star Publishing Company (2543), Heritage Network Incorporated (6777), Independent Newspapers, Inc. (2264), Voice Communications Corp. (0455), Pulp Finish 2 Company (f/k/a Digital First Media Inc.) (0431), Great Lakes Media, Inc. (5920), Up North Publications, Inc. (2784), Greater Detroit Newspaper Network, Inc. (4228), Great Northern Publishing, Inc. (0800), and Saginaw Area Newspapers, Inc. (8444). The mailing address for each of the Debtors is c/o Ocean Ridge Capital Advisors, LLC, 56 Harrison Street, Suite 203A, New Rochelle, NY 10801.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

*Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated as of June 24, 2013 (the "Disclosure Statement"), (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (iii) scheduling a hearing on confirmation of the Plan (the "Confirmation Hearing") and (iv) approving related notice procedures; and the Disclosure Statement having been transmitted to all Holders of Claims in Class 6 (General Unsecured Claims) (the "Voting Class") as provided for by the Disclosure Statement Order; and the Confirmation Hearing having been held before the Court on October 8, 2013, after due notice to Holders of Claims and Interests and other parties in interest in accordance with the Disclosure Statement Order, the Bankruptcy Code and the Bankruptcy Rules; and the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan; and the Court having reviewed and given full consideration to (i) the Plan, (ii) the *Debtors' Memorandum of Law in Support of Confirmation of Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, filed by the Debtors on October 4, 2013 [Docket No. 834]; (iii) the *Affidavit of Bradley E. Scher in Support of Confirmation of the Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, filed on October 4, 2013 [Docket No. ___ ] and the testimony contained therein; (iv) the *Declaration of Jeffrey L. Pirrung Certifying Vote on and Tabulation of Ballots Accepting and Rejecting the Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors of Pulp Finish 1 Company*, dated October 4, 2013 [Docket No. 835] (the "Vote Tabulation") and the testimony contained therein, and (iv) all other evidence proffered or adduced, and arguments of counsel made, at the Confirmation Hearing; and the Court having found that the

legal and factual bases set forth in the documents filed in support of Confirmation and presented at

the Confirmation Hearing establish just cause for the relief granted herein; and after due

deliberation thereon and good cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES**[3] as follows:

1.      <u>Commencement of the Chapter 11 Cases.</u>  On the Petition Date, the Debtors filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-

captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>") in the United States Bankruptcy Court

for the Southern District of New York (the "<u>Court</u>").   The Debtors have operated their

businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11

Cases.

2.      <u>Exclusive Jurisdiction; Venue; Core Proceeding.</u>  The Court has jurisdiction over

these Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code.

Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States

Code.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of

the United States Code, and the Court has exclusive jurisdiction to determine whether the Plan

complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

3.      <u>Notice; Transmittal and Mailing of Materials.</u>

(a)      As evidenced by the *Affidavit of Service*, sworn to by Jeffrey L. Pirrung and

filed with the Court on September 13, 2013 [Docket No. 796], due, adequate and sufficient notice

of the Disclosure Statement, the Plan, the Confirmation Hearing, the deadlines for voting on and

---

[3] The findings and conclusions set forth in this Confirmation Order and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

filing objections to confirmation of the Plan, and the other dates and deadlines described in the Disclosure Statement Order has been given to all known Holders of Claims and Equity Interests in accordance with the procedures set forth in the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and no other or further notice is or shall be required;

(b)    As evidenced by the *Affidavit of Service*, sworn to by Jeffrey L. Pirrung and filed with the Court on September 13, 2013 [Docket No. 796], the Disclosure Statement, Plan, Ballots and Disclosure Statement Order were transmitted and served in compliance with the Disclosure Statement Order, such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required.  All procedures used to distribute the solicitation packages to the Voting Class were fair, and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and all other applicable rules, laws and regulations; and

(c)    The disclosure of any modifications to the Plan on the record of the Confirmation Hearing and approval of any such modifications by the Court constitutes due and sufficient notice thereof.

4.    Voting.  Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the Vote Tabulation, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code and the Bankruptcy Rules.

5.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code.  Accordingly, the Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

6.    Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).    In addition to Administrative Claims and Priority Tax Claims that need not be classified, the Plan classifies eight Classes of Claims and Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, the classifications were not done for any improper purpose and such Classes do not unfairly discriminate between or among holders of Claims or Equity Interests.  Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

7.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Articles III.A. and III.B. of the Plan specify the Classes of Claims that are Unimpaired under the Plan.  Accordingly, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

8.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Articles III.A. and III.B. of the Plan specify the treatment of the Classes of Claims and Equity Interests that are impaired under the Plan.  Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

9.    No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment of each Claim or Equity Interest in each respective Class, unless the Holder of a Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

10.    Adequate Means for Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for the Plan's implementation.  The Plan contemplates the creation of a Liquidating Trust on the Effective Date, which will be responsible for effecting the

orderly wind-down of the Debtors' Estates and making all distributions under the Plan. Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

11.    <u>Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)).</u>  Because the Debtors are liquidating, this provision is inapplicable.

12.    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).</u>  The President, Chief Restructuring Officer and sole employee of the Debtors is Bradley E. Scher.  Pursuant to Article IV.D.5. of the Plan, the Liquidating Trustee was appointed by the Committee and identified as Ocean Ridge Capital Advisors, LLC.

13.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).</u> The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

14.    <u>Bankruptcy Rule 3016(a).</u>  The Plan reflects the date it was filed with the Court and identifies the entities submitting it as the Proponents. Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

15.    <u>Plan Proponent Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).</u> The Debtors and the Committee, as the Proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code.   Accordingly, the Plan satisfies section 1129(a)(2) of the Bankruptcy Code.  Specifically, among other things:

(a)    The Debtors are proper debtors under section 109(d) of the Bankruptcy Code;

(b)    The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court; and

(c)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Disclosure

Statement Order in (i) transmitting the Disclosure Statement, the Plan and related documents and notices, and (ii) soliciting and tabulating votes on the Plan.

16.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors and the Committee have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Plan was the product of arm's-length negotiations between the Debtors and the Committee, and supported by the Debtors' creditors.  The Plan was proposed with the legitimate purpose of maximizing the value of the Debtors' Estates and effectuating an effective liquidation of the Debtors.

17.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable.  Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

18.     <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Plan complies with the requirements of section 1129(a)(5) of the Bankruptcy Code because the Proponents have disclosed that Bradley E. Scher is the Debtors' sole director and officer, and the Debtors will be dissolved as of the Effective Date.  The Proponents have further disclosed that Ocean Ridge Capital Advisors, LLC shall serve as the Liquidating Trustee pursuant to Article IV.D.5. of the Plan and the Liquidating Trustee's compensation structure has been disclosed in the Liquidating Trust Agreement.  Bradley E. Scher is the managing member of Ocean Ridge Capital Advisors, LLC.

19.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by a reorganized debtor in the operation of its business approve any rate change provided for in a plan

of reorganization.  The Debtors no longer conduct any business and the Plan does not provide for any rate changes.  Accordingly, section 1129(a)(6) of the Bankruptcy Code is inapplicable.

20.    <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because Each Holder of an impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

21.    <u>Acceptance and Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Class 1 (Priority Non-Tax Claims), Class 2 (Pre-Petition Revolving Credit Facility Claims), Class 3 (TLA/TLB Secured Claims), and Class 4 (Other Secured Claims) are not impaired under the Plan and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.   Class 6 (General Unsecured Claims) is impaired under the Plan, but voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.   Class 7 (Intercompany Claims) is impaired under the Plan, but is deemed to have accepted the Plan pursuant to Article 3.B.7. of the Plan.   Class 5 (363 Sale Assumed and Assigned Claims) and Class 8 (Equity Interests) are impaired under the Plan and are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  ~~However, the Plan does not discriminate unfairly with respect to Class 5 and Class 8 and is fair and equitable with respect to Class 5 and Class 8 because no Holder of any interest that is junior to Class 5 and Class 8 shall receive or retain any property under the Plan.   Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to both Class 5 and Class 8.~~**[SMB 10/15/13]**

22.    <u>Treatment of Administrative, Priority Tax and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Claims pursuant to Article II.A. of the Plan

satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code.  The treatment of

Priority Tax Claims pursuant to Article II.D. of the Plan satisfies the requirements of section

1129(a)(9)(C) of the Bankruptcy Code.   The treatment of Priority Non-Tax Claims pursuant to

Article III.B.1. of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy

Code.  Accordingly, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy

Code.

23.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Class 6 (General

Unsecured Claims) is impaired under the Plan and has voted to accept the Plan, without including

any acceptance of the Plan by any insider.  As such, there is at least one Class of Claims against

the Debtors that is impaired under the Plan and has accepted the Plan, determined without

including any acceptance of the Plan by any insider.    Accordingly, the Plan satisfies the

requirements of section 1129(a)(10) of the Bankruptcy Code.

24.    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies section 1129(a)(11) of the

Bankruptcy Code because it provides for the liquidation of any remaining assets of the Debtors.

25.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  As provided in Article XII.A. of the

Plan, all fees payable pursuant to section 28 U.S.C. § 1930(a)(6) and any interest accruing thereon

pursuant to 31 U.S.C. § 3717 through the Effective Date shall be paid by the Debtors on or before

the Effective Date.  All such fees and interest accruing thereon payable after the Effective Date

with respect to each Debtor will be paid by the Liquidating Trustee until the earlier of the

dissolution of such Debtor or entry of a final decree closing such Debtor's Chapter 11 Case.

Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

26.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Section 1129(a)(13) of

the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not

obligated to pay any retiree benefits under "any plan, fund or program" as defined in section 1114(a) of the Bankruptcy Code.

27.     Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).   Section 1129(a)(14) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not required to pay any domestic support obligations.

28.     Objection to the Plan of an Individual (11 U.S.C. § 1129(a)(15)).   Section 1129(a)(15) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are not individuals.

29.     Transfers of Property (11 U.S.C. § 1129(a)(16)).   Section 1129(a)(16) of the Bankruptcy Code does not apply in these Chapter 11 Cases because the Debtors are each moneyed, business or commercial corporations.

30.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).   Based upon the evidence proffered or adduced at the Confirmation Hearing, the Plan, the Disclosure Statement and all other evidence before the Court, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 5 (363 Sale Assumed and Assigned Claims) and Class 8 (Equity Interests), as required by sections 1129(b)(1) and (2) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes including the members of Class 5 (363 Sale Assumed and Assigned Claims) and Class 8 (Equity Interests).

(a)    The Plan Does Not Unfairly Discriminate Against the Rejecting Classes.

The Plan does not unfairly discriminate against Class 5 (363 Sale Assumed and Assigned Claims)

and Class 8 (Equity Interests).    Accordingly, the Plan satisfies section 1129(b)(1) of the

Bankruptcy Code.

(b)    The Plan is Fair and Equitable.    The Plan is fair and equitable with respect

to Class 5 (363 Sale Assumed and Assigned Claims) and Class 8 (Equity Interests) because no

Holder of any claim or interest that is junior to Class 5 (363 Sale Assumed and Assigned Claims)

and Class 8 (Equity Interests) shall receive or retain any property under the Plan on account of

such claim or interest.    Accordingly, the Plan satisfies section 1129(b)(2)(C)(ii) of the Bankruptcy

Code.

31.    Substantive Consolidation.    The substantive consolidation of the Debtors' Estates,

as provided for in Article IV.A. of the Plan, solely for the purposes of confirming and

consummating the Plan, including but not limited to voting on and making distributions under the

Plan, will facilitate the consummation and implementation of the Plan, is integral to the treatment

provided to creditors under the Plan, will not prejudice any creditors of the Debtors' Estates, and

is appropriate under the circumstances of these Chapter 11 Cases.

32.    Only One Plan (11 U.S.C. § 1129(c)).    The Plan is the only plan filed in these

Chapter 11 Cases.    Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

33.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).    The principal purpose of the

Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of

section 5 of the Securities Act of 1933.    Accordingly, section 1129(d) of the Bankruptcy Code is

satisfied.

34.    Good Faith Solicitation (11 U.S.C. § 1125(e)).    Based upon the record before the

Court in these Chapter 11 Cases, the Exculpated Parties, as that term is defined in the Plan, have

acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

35.    <u>Satisfaction of Confirmation Requirements.</u>    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

36.    <u>Implementation.</u>    All documents and agreements necessary to implement the Plan, and all other relevant and necessary documents described in the Plan, have been negotiated in good faith at arm's length, are in the best interests of the Debtors and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

37.    <u>Transfer of the Liquidating Trust Assets.</u> The Debtors' transfer of the Liquidating Trust Assets to the Liquidating Trust on the Effective Date in accordance with the Plan and the Liquidating Trust Agreement is reasonable and necessary and made in accordance with applicable provisions of the Bankruptcy Code, including sections 363(b) and 1123(b)(3) of the Bankruptcy Code.

38.    <u>Liquidating Trust Agreement.</u>    The Liquidating Trust Agreement is an essential element of the Plan and entry into the Liquidating Trust Agreement is in the best interests of the Debtors, their Estates and their creditors.    The Debtors have exercised reasonable business judgment in determining to enter into the Liquidating Trust Agreement on the terms set forth in the agreement attached to the Plan as Exhibit A, or in a form substantially similar thereto.    The Debtors have provided sufficient and adequate notice of the Liquidating Trust Agreement to all

parties in interest.  The Liquidating Trust Agreement shall, upon execution, be valid binding, and enforceable and shall not be in conflict with any federal or state law.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

39.    <u>Confirmation.</u>  The Plan is approved and confirmed pursuant to section 1129 of the Bankruptcy Code.

40.    <u>Objections Overruled.</u>  All objections to confirmation of the Plan that have not been withdrawn or resolved and all reservations of rights pertaining to confirmation of the Plan are hereby overruled on the merits.

41.    <u>Solicitation and Notice.</u>  Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases and complied with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

42.    <u>Plan Classifications Controlling.</u>  The classification of Claims and Equity Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to, or returned by, Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; and (c) shall not be binding on the Debtors or the Liquidating Trust for any purpose.

43.    <u>Effects of Confirmation; Immediate Effectiveness; Successors and Assigns.</u>  In accordance with section 1141 of the Bankruptcy Code, from and after the Effective Date, the provisions of the Plan shall be binding upon and inure to the benefit of the Debtors, the Liquidating Trustee, and all present and former Holders of Claims against and Equity Interests in

the Debtors and their respective successors and assigns, regardless of whether any such Holder

failed to vote to accept or reject the Plan or affirmatively voted to reject the Plan.

44.     <u>Appointment of the Liquidating Trustee; Vesting of Assets.</u>  On the Effective Date,

Ocean Ridge Capital Advisors, LLC shall be appointed as the Liquidating Trustee.    The

appointment of Ocean Ridge Capital Advisors, LLC is consistent with the interests of Holders of

Claims and Equity Interests in the Debtors and with public policy.  From and after the Effective

Date, the Liquidating Trustee shall have, and shall be entitled to exercise, all rights and powers

provided to the Estates under the Bankruptcy Code, including section 1107 thereof, in addition to

all rights and powers granted to the Liquidating Trustee in the Liquidating Trust Agreement.  On

the Effective Date, any and all Liquidating Trust Assets belonging to the Debtors and their Estates

shall be preserved and shall be transferred to and vest in the Liquidating Trust free and clear of all

liens, claims and encumbrances.

45.     <u>Approval of the Liquidating Trust Agreement.</u>  The Liquidating Trust Agreement

(together with all schedules, addendums, exhibits, annexes, and other attachments thereto and as

supplemented, amended and modified) is approved, and the Debtors and Liquidating Trustee,

respectively, are authorized to take all actions contemplated under the Liquidating Trust

Agreement.

46.     <u>Exemption from Transfer Taxes.</u>  Pursuant to section 1146(a) of the Bankruptcy

Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument

of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar

tax.

47.     <u>Implementation of the Plan.</u>  The Debtors and Liquidating Trustee are hereby

authorized to enter into, execute, deliver, file and/or implement any documents and instruments

substantially consistent with or incidental to the Plan and any amendments, supplements or

modifications thereto as may be necessary or appropriate, and to take such other steps and perform

such other acts as may be necessary or appropriate to implement and effectuate the Plan and this

Confirmation Order without the need of any further order of the Court or corporate authorization

of the Debtors.

48.    <u>Rejection of Executory Contracts and Unexpired Leases.</u>  As provided in Article

V.A. of the Plan, any executory contract or unexpired lease of the Debtors, other than the Asset

Purchase Agreement (as defined in the Plan) and the Transition Services Agreement (as defined in

the Plan), that has not expired by its own terms on or prior to the Effective Date, been assumed,

assumed and assigned, deemed rejected pursuant to section 365 of the Bankruptcy Code, or

rejected with the approval of the Court, and which is not the subject of a motion to assume

pending as of the Effective Date, shall be deemed rejected by the Debtors effective as of the

Confirmation Date, and the entry of this Confirmation Order shall constitute approval of such

rejection pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, and no other motion

seeking such rejection shall be required.

49.    <u>Injunction.</u> Except as otherwise expressly provided for in the Plan or this

Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, upon

entry of this Confirmation Order, and provided that the Effective Date occurs, all Persons who

have held, hold, or may hold Claims against, or Equity Interests in, any of the Debtors' Assets or

properties shall be permanently enjoined, on and after the Confirmation Date, from (a)

commencing or continuing in any manner any action or other proceeding of any kind with respect

to any such Claim or Equity Interest against the Debtors' Assets and property or the Liquidating

Trust Assets, (b) the enforcement, attachment, collection, or recovery by any manner or means of

any judgment, award, decree, or order against any of the Debtors' Assets or properties or the

Liquidating Trust Assets on account of any such Claim or Equity Interest, and (c) creating,

perfecting, or enforcing any encumbrance of any kind against any of the Debtors' Assets or
properties or the Liquidating Trust Assets on account of any such Claim or Equity Interest.
Notwithstanding anything to the contrary contained herein, because the Debtors are liquidating, no
Debtor entity shall receive a discharge from Claims in accordance with section 1141(d)(3) of the
Bankruptcy Code.

50.    <u>Preservation of Estate Actions</u>.  Except as provided in the Plan, nothing contained
in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any
claims, rights or actions that the Debtors may have under any provision of the Bankruptcy Code or
any applicable nonbankruptcy law, whether arising before or after the Petition Date, in any court
or other tribunal, including, without limitation, (i) any and all claims against any Person or Entity,
to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or claim for setoff
which seeks affirmative relief against the Debtors, and (ii) the right to seek turnover of any
property of the Debtors' Estates.  Nothing contained in the Plan or this Confirmation Order shall
be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other
legal or equitable defense which the Debtors had immediately prior to the Petition Date, against or
with respect to any Claim left unimpaired by the Plan.  All Causes of Action that have not been
sold to the Purchaser (as defined in the Plan) or expressly released under the Plan shall be
retained, transferred to, and preserved for the benefit of the Liquidating Trust.

51.    <u>Dissolution of the Committee.</u>    On the Effective Date, the Committee shall be
deemed dissolved, and its members and Professionals shall be deemed released of all their duties,
responsibilities and obligations in connection with the Chapter 11 Cases and the Plan and its
implementation, and the retention or employment of the Committee's Professionals shall
terminate; <u>provided,</u> <u>however,</u> that the Committee shall continue to exist after the Effective Date
for the limited purpose of reviewing and filing any monthly fee statements, final fee applications

or requests for expense reimbursement, and to the extent necessary to prosecute or defend any appeals of orders entered in these Chapter 11 Cases and pending as of the Effective Date.

52.    <u>Retention of Professionals by Liquidating Trustee.</u>    Upon the occurrence of the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate and the Liquidating Trustee may employ and pay Professionals in the ordinary course of business without any further notice to, action by or order or approval of the Court or any other party.

53.    <u>Rejection Claims and Bar Date.</u>  As provided for in Article V.B. of the Plan, unless a different deadline has been fixed by order of the Court entered on or before the Effective Date with respect to any executory contract or unexpired lease, all Proofs of Claim for damages arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan or otherwise must be filed with the Claims Agent and actually received no later than thirty (30) days after the Effective Date (the "<u>Rejection Claims Bar Date</u>") at the appropriate address set forth in Article V.B. of the Plan, and a copy of any such Proof of Claim must also be served upon the Liquidating Trustee at its address set forth in Article XII.I. of the Plan.  Any such Claim not filed with the Claims Agent and actually received on or before the Rejection Claims Bar Date shall be forever barred and shall not be enforceable against the Debtors, their Estates, the Liquidating Trust, the Liquidating Trust Assets, and their respective properties and interests, unless otherwise ordered by the Court.

54.    <u>Administrative Claims Bar Date.</u>  As provided for in Article XII.R. of the Plan, all requests for payment of an Administrative Claim, other than for Professional Fees, for any unpaid Administrative Claims that may have accrued between April 6, 2013 and the Effective Date must be filed with the Claims Agent and actually received no later than thirty (30) days after the

Effective Date (the "<u>Administrative Claims Bar Date</u>") at the appropriate address set forth in

Article XII.R. of the Plan, and a copy of any such request for payment of an Administrative Claim

must also be served upon the Liquidating Trustee at its address set forth in Article XII.I. of the

Plan. Any party that fails to timely file a request for payment of an Administrative Claim shall be,

absent further order of the Bankruptcy Court, forever barred, estopped, and enjoined from

asserting such Claim against any of the Debtors, their Estates, the Liquidating Trust or the

Liquidating Trust Assets, and the Debtors, their Estates, the Liquidating Trust and the Liquidating

Trust Assets shall be forever discharged from any and all liability with respect to such Claim. The

Liquidating Trustee may settle any disputed Administrative Claim without further Court approval.

55. <u>Professional Fee Claims</u>. Applications for compensation for services rendered and

reimbursement of expenses incurred by Professionals from the Petition Date through and

including the Effective Date shall be filed no later than sixty (60) days after the Effective Date, or

such later date as the Bankruptcy Court approves. Such applications shall be served on (a) counsel

to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178-0060,

Attn: Neil E. Herman; and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North

King Street, Wilmington, DE 19801, Attn: Michael R. Nestor; (b) the Office of the United States

Trustee, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Brian Masumoto, (c) counsel

for the Committee, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY

10020, Attn: Gerald C. Bender, and (d) the Liquidating Trustee, Ocean Ridge Capital Advisors,

LLC, 56 Harrison Street, Suite 203A, New Rochelle, NY 10801, Attn: Bradley E. Scher. Unless

otherwise ordered by the Court, any professional fee applications that are not timely filed will not

be considered by the Court. All Professional Fee Claims shall be paid in accordance with Article

II.C. of the Plan and the order(s) allowing such Claims.

56.    <u>Closing of the Chapter 11 Cases.</u>    Pursuant to section 350 of the Bankruptcy Code, as soon as practicable after the Effective Date, the Court will enter one or more order(s) directing the Clerk of the Court to close the Chapter 11 cases effective as of the Effective Date; <u>provided, however,</u> that the Bankruptcy Case of Pulp Finish 1 Company (f/k/a Journal Register Company), Case No. 12-13774 (SMB), shall remain open until such time as the Liquidating Trustee makes a motion pursuant to Bankruptcy Rule 3022 and any applicable orders of the Court to close such Bankruptcy Case.    Upon entry of the Confirmation Order, counsel for the Debtors shall submit proposed forms of order to the Bankruptcy Court to enter on the docket of each individual Debtor's Bankruptcy Case to close each such Bankruptcy Case effective as of the Effective Date, except for the Bankruptcy Case of Pulp Finish 1 Company (f/k/a Journal Register Company).    The Debtors shall submit a post-confirmation status report prior to November 30, 2013 and a post-confirmation status conference shall be held on December 3, 2013 at 10:00 a.m. before this Court.

57.    <u>Injunctions and Automatic Stay.</u>    Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect through and including the Effective Date.    All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

58.    <u>Notice of Entry of Confirmation Order and Effective Date.</u>    On or before the date that is ten (10) business days after the occurrence of the Effective Date, the Debtors shall file with the Court and serve by first class mail a notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "<u>Confirmation Notice</u>"), on each of the following at their respective addresses last known to the Debtors: (a) the Office of the United States Trustee for the

Southern District of New York, (b) all parties on the master service list filed with the Court; (c) all persons or entities listed in the Debtors' schedules of assets and liabilities, or any amendments thereto; and (d) any other known Holders of Claims or Equity Interests; *provided*, that the Confirmation Notice need not be served upon any person or entity to whom the Debtors have mailed other notices during the Chapter 11 Cases that have been returned as undelivered, unless the Debtors have been informed in writing by such person or entity of that person or entity's new address.  The Notice of Confirmation shall also contain notice of the Rejection Claims Bar Date and the Administrative Claims Bar Date.   Such service shall constitute adequate and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(i)-(k) and 3020(c) of the confirmation of the Plan, the entry of this Confirmation Order and the occurrence of the Effective Date.

59.   <u>Effectiveness of All Actions.</u>  All actions authorized to be taken pursuant to the Plan shall be effective without further application to or order of the Court.

60.   <u>Governmental Approvals Not Required.</u>  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any related documents, instruments or agreements, and any amendments or modifications thereto.

61.   <u>References to Plan Provisions.</u>  The failure to include or specifically describe or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness and enforceability of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety.

62.    <u>Conflicts Between Confirmation Order and Plan.</u>  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however,</u> that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern.

63.    <u>Retention of Jurisdiction.</u>  The Court retains jurisdiction over the Debtors, their bankruptcy estates, the Liquidating Trust and the Plan to the fullest extent permitted by applicable law and Article X of the Plan.

64.    <u>Final Order; Waiver of Stay.</u>  This Confirmation Order is a final order and the period during which an appeal must be filed shall commence upon the entry hereof.  The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.

65.    <u>Special Provision Regarding Pension and Retirement Plans.</u>  Notwithstanding any provision of the Plan, the Disclosure Statement or this Confirmation Order to the contrary, including but not limited to the releases set forth in Article IX of the Plan, neither the Plan, the Disclosure Statement, or the Confirmation Order will (1) release, discharge or exculpate any party other than the Debtors with respect to "controlled group liability" owed to (a) the Journal Register Company Retirement Plan or the Pension Benefit Guaranty Corporation, or (b) the CWA/ITU Negotiated Pension Plan under the Employee Retirement Income Security Act of 1974, as amended, or the Internal Revenue Code or (2) release, discharge or exculpate any party for fiduciary breach related to the Journal Register Company Retirement Plan, or the CWA/ITU Negotiated Pension Plan; or (3) enjoin or prevent the Journal Register Company Retirement Plan and the Pension Benefit Guaranty Corporation (or the CWA/ITU Negotiated Pension Plan) from collecting any such liability from a liable party.

66.     <u>Settlements, Releases, Exculpations and Injunctions.</u> All of the settlements, releases, exculpations, injunctions, and related provisions provided in Article IX of the Plan are hereby approved and shall be immediately effective on the terms described therein.

67.     <u>Limitations as to the United States.</u>   As to the United States of America, its agencies, departments, or agents (collectively, the "<u>United States</u>"), nothing in the Plan or Confirmation Order shall limit or expand the scope of release or injunction to which the Debtors are entitled to under the Bankruptcy Code, if any.   The discharge, release and injunction provisions contained in the Plan and Confirmation Order are not intended and shall not be construed to bar the United States from, subsequent to the Confirmation Order, pursuing any police or regulatory action.   Accordingly, notwithstanding anything contained in the Plan or Confirmation Order to the contrary, nothing in the Plan or Confirmation Order shall discharge, release, impair or otherwise preclude: (1) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (2) any Claim of the United States arising on or after the Confirmation Date; (3) any valid right of setoff or recoupment of the United States against any of the Debtors; or (4) any liability of the Debtors  under police or regulatory statutes or regulations to any Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the Confirmation Date.  Nor shall anything in this Confirmation Order or the Plan:  (i) enjoin or otherwise bar the United States or any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by the United States or any Governmental Unit are discharged or otherwise barred by this Confirmation Order, the Plan, or the Bankruptcy Code.  Moreover, nothing in the Confirmation Order or the Plan shall discharge, release or exculpate any non-debtor, including any Exculpated Parties, from any

liability to the United States, including but not limited to any liabilities arising under the Internal

Revenue Code, the environmental laws, or the criminal laws against the Released Parties, nor shall

anything in this Confirmation Order or the Plan enjoin the United States from bringing any claim,

suit, action or other proceeding against the Exculpated Parties for any liability whatsoever.


Dated:          October 15th, 2013
                New York, New York


                                    **/s/ STUART M. BERNSTEIN**
                                    **Honorable Stuart M. Bernstein**
                                    United States Bankruptcy Judge

**Issued: 9:52 a.m.**

# Exhibit A

**Joint Plan of Liquidation**

DB1/ 76029841.2